UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| KELLY HALE, | ) |
| | ) |
| Plaintiff, | ) 1:24-CV-47 |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the United States Magistrate Judge with the consent of the parties and by order of reference [Doc. 12] for disposition and entry of a final judgment. Claimant's Disability Insurance Benefits ("DIB") application under the Social Security Act, Title II, was denied on April 6, 2023, following a hearing before an Administrative Law Judge ("ALJ"). This action is for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). Claimant filed a Brief in Support of a Social Security Appeal [Doc. 14], the Commissioner filed a Brief in Support of the Commissioner's Decision [Doc. 16]. For reasons set forth below, the Court finds that this matter must be remanded for further consideration pursuant to 42 U.S.C. § 405(g).

### I.  APPLICABLE LAW – STANDARD OF REVIEW

A review of the Commissioner's findings is narrow. The Court is limited to determining (1) whether substantial evidence supported the factual findings of the Administrative Law Judge ("ALJ") and (2) whether the Commissioner conformed to the relevant legal standards. 42 U.S.C. § 405(g); *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as

1

a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). Put differently, it "must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn is one of fact for the jury." *Payne v. Comm'r of Soc. Sec.*, 402 F. App'x 109, 111 (6th Cir. 2010) (quoting *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 841 (6th Cir. 1986)).

The Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). At the same time, the Court may consider any evidence in the record, regardless of whether it was cited by the ALJ. *Huizar v. Comm'r of Soc. Sec.*, 610 F. Supp. 3d 1010, 1015 (E.D. Mich. 2022) (citing *Heston v. Comm'r of Soc. Sec.*, 245 F.3d. 528, 535 (6th Cir. 2001)). A decision supported by substantial evidence must stand, even if the evidence could also support a different decision. *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 395 (6th Cir. 2010) (citing *Blakely*, 581 F.3d at 405); *see also Richardson v. Saul*, 511 F. Supp. 3d 791, 797 (E.D. Ky. 2021). On the other hand, a decision supported by substantial evidence "will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 746 (6th Cir. 2007); *see also Ackles v. Comm'r of Soc. Sec.*, 470 F. Supp. 3d 744, 752 (N.D. Ohio 2020).

A claimant must suffer from a "disability" as defined by the Act to be eligible for benefits. "Disability" includes physical and mental impairments that are "medically determinable" and so severe as to prevent the claimant from (1) performing his past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. 42 U.S.C. § 423(a). A five-step sequential evaluation applies in disability determinations. 20 C.F.R. § 404.1520. The ALJ's

review ends with a dispositive finding at any step. *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). A full review addresses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Part 404, Subpart P, Appendix 1?

4. Considering the claimant's Residual Functional Capacity ("RFC"), can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work, and considering the claimant's age, education, past work experience, and RFC, do significant numbers of other jobs exist in the national economy which the claimant can perform?

*See* 20 C.F.R. § 404.1520. A claimant has the burden to establish benefits entitlement by proving the existence of a disability. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). It is the Commissioner's burden to establish a claimant's ability to work at step five. *Id.*; *see also Jones v. Berryhill*, 392 F. Supp. 3d 831, 855 (M.D. Tenn. 2019).

## II. PROCEDURAL AND FACTUAL OVERVIEW

Kelly Hale ("Claimant") filed for Social Security disability benefits on December 30, 2020, alleging a disability onset date of February 15, 2020. (Tr. 18). The claims were denied initially and on reconsideration. *Id.* Thereafter, Claimant requested a hearing which was then conducted via telephone by Administrative Law Judge Wesley R. Kliner ("ALJ") on February 2, 2023. *Id.* Following the hearing, the ALJ issued a decision on April 6, 2023, finding that Claimant was not disabled. (Tr. 27). In his decision, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2025;

2. The claimant has not engaged in substantial gainful activity since February 15, 2020, the alleged onset date;

3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine with radiculopathy, asthma/COPD (chronic-obstructive pulmonary disease), status-post thyroidectomy with Grave's disease, and status-post bilateral carpal tunnel release;

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1;

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a range of light work as defined in 20 CFR 404.1567(b). She can perform light work with occasional postural activities. She would be limited to no more than occasional exposure to extreme temperatures; high humidity; excessive pulmonary irritants such as dust, smoke, chemical fumes, petroleum products and poor ventilation; and workplace hazards;

6. The claimant is capable of performing past relevant work as a pharmacy technician and assembler/tester. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity; and

7. The claimant has not been under a disability, as defined in the Social Security Act, from February 15, 202, through the date of this decision.

*See* (Tr. 21-27). Claimant subsequently requested Appeals Council review, but the request was denied. (Tr. 1). As a result, the ALJ's decision ("the decision") became the final decision of the Commissioner of Social Security. *Id*.

On appeal, Claimant argues that the ALJ's RFC formulation is not supported by substantial evidence. [Doc. 14, p. 8]. More specifically, Claimant alleges that the ALJ made this error in formulating her RFC because he improperly evaluated the opinion evidence offered by consultative examiner William Holland, M.D. and by Claimant's treating provider Elizabeth Deleonouris, PA-C. *Id.*

In contrast, the Commissioner argues that the ALJ did not err in considering the opinions of Dr. Holland and Physician's Assistant Deleonouris. [Doc. 16, p. 3]. With regard to Dr. Holland,

the Commissioner asserts that the ALJ was entitled to discount the doctor's opinion because it was based upon limited information regarding Claimant's medical condition. [Doc. 16, p. 4-5]. The Commissioner further contends that the limitations Dr. Holland imposed upon Claimant are consistent with the light work that the ALJ found Claimant to be capable of performing. *Id.* at 5. As to Physician's Assistant Delenonouris, the Commissioner argues that the ALJ had an appropriate basis for rejecting the opinion and responds to arguments raised by Claimant as to how the ALJ purportedly "cherry-picked" from the record in rejecting this opinion. *Id.* at 8-11.

### III. LEGAL ANALYSIS

The overarching issue for review is whether the ALJ's decision is supported by substantial evidence. Claimant contends that it is not because the ALJ erred in formulating her RFC after improperly rejecting opinion evidence offered by medical sources William Holland, M.D. and Elizabeth Deleonouris, PA-C. *See* 20 C.F.R. § 404.1520 (noting that step four of an ALJ's five question review involves formulating a claimant's residual functional capacity). If the ALJ did err in evaluating these medical opinions, the question becomes how any error impacted the ALJ's conclusion that Claimant retained the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). As set forth above, the Claimant argues that the ALJ reached his conclusions regarding Claimant's RFC and her ability to perform light work based on an incomplete evaluation of her physical health records.[1]

In evaluating the ALJ's decision, the Court notes that the ALJ was entitled to a "zone of choice" in determining whether Claimant was disabled if the facts could support a ruling either way. *Blakely*, 581 F.3d at 406. As such, the Court will not disturb the ALJ's decision even if the Court would have decided the matter differently so long as the ruling was rendered in compliance with applicable law and is based on substantial evidence. "Substantial evidence exists when a

---

[1] The Court notes that the record contains evidence of Claimant's mental health impairments, but on appeal she appears to argue that the ALJ erred in addressing only her physical impairments.

reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Stewart v. Comm'r of Soc. Sec.*, 811 F. App'x 349, 352 (6th Cir. 2020) (internal citations omitted); *Fox v. Comm'r of Soc. Sec.*, 827 F. App'x 531, 534 (6th Cir. 2020) (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L.Ed.2d 504 (2019)).

At Step 4 of the sequential evaluation process, the ALJ must make a residual functional capacity determination. *See* 20 C.F.R. § 404.1520. "Residual Functional Capacity" means "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs. ..." 20 C.F.R. § Pt. 404, Subpt. P, App. 2(c). Applicable regulations provide the following guidance for the agency when assessing a claimant's RFC:

> When we assess your physical abilities, we first assess the nature and extent of your physical limitations and then determine your residual functional capacity for work activity on a regular and continuing basis. A limited ability to perform certain physical demands of work activity, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching), may reduce your ability to do past work and other work.

20 C.F.R. § 404.1545(b). In rendering a decision about a claimant's RFC, an ALJ is prohibited from "defer[ring] or giv[ing] any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the Claimant's] medical sources." 20 C.F.R. § 404.1520c.

### a. The ALJ's treatment of opinions offered by consultative examiner William Holland, M.D. and Claimant's treating physician's assistant Elizabeth Deleonouris, PA-C

The Court will first consider whether the ALJ erred in his evaluation of the opinions offered by consultative examiner William Holland, M.D. In doing so, the Court notes that instead of simply deferring to medical sources, an ALJ is required to consider multiple factors in evaluating the evidence including (1) supportability; (2) consistency; (3) a source's relationship with the Claimant; (4) specialization; and (5) other supporting or contradicting factors. 20 C.F.R. §

6

Case 1:24-cv-00047-CRW    Document 17    Filed 02/26/25    Page 6 of 15    PageID #: 1413

416.920c. This rule notably "reduc[es] the articulation standards required for ALJs in assessing medical source opinions." 3 Soc. Sec. Disab. Claims Prac. & Proc. § 25:13 (2nd ed.). As other courts have observed in applying the rule, "[s]upportability and consistency will be the most important factors, and usually the only factors the ALJ is required to articulate." *Jones v. Berryhill*, 392 F. Supp. 3d 831, 839 (M.D. Tenn. 2019) (citing *Pogany v. Berryhill*, No. 4:18-CV-04103-VLD, 2019 WL 2870135, at *27 n. 7 (D.S.D. July 3, 2019)) (internal quotations omitted). However, if two opinions are equally persuasive on the same issue, then the ALJ "will articulate how [he or she] considered the other most persuasive factors." 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

In assessing whether a medical opinion is supportable, the focus is on the relevance of the objective medical evidence and supporting explanations upon which the opinion is based. In other words, "[t]he more relevant the objective medical evidence and supporting explanations…, the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). In considering consistency, the focus is on how the opinions provided square with the overall record. Specifically, "[t]he more consistent a medical opinion(s)… is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s)… will be." 20 C.F.R. § 404.1520c(c)(2). When reviewing a physician's opinion for consistency with the record, an ALJ need not reproduce a list of findings if the relevant medical records are discussed earlier in the decision. *Compare Crum v. Comm'r of Soc. Sec.*, 660 F. App'x 449, 457 (6th Cir. 2016) (observing that "[n]o doubt, the ALJ did not reproduce the list of these treatment records a second time when she explained why Dr. Bell's opinion was inconsistent with this record. But it suffices that she listed them elsewhere in her opinion."), *with McCarter v. Berryhill*, No. 3:16-CV-385-CCS, 2018 WL 327765 (E.D. Tenn. Jan. 8, 2018) (stating that "[t]he Court observes that a discussion of the medical evidence in general is completely absent

from the ALJ's decision… and finds that it is insufficient for the ALJ to conclude that an opinion is contrary to the medical evidence of record and then fail to cite which evidence is in conflict.").

Still, the reduced articulation requirements now applicable in disability cases did not relieve ALJs of their responsibility to provide clear explanations as to their reasoning. Even under these reduced articulation requirements, ALJs must "provide a coherent explanation of their reasoning, clearly explain their consideration of the opinion and identify the evidence supporting their conclusions, and otherwise explain how they considered the supportability and consistency factors as to each medical opinion." *Kirkland v. Kijakazi*, No. 3:22-CV-60-DCP, 2023 WL 3205330, at *9 (E.D. Tenn. May 2, 2023) (internal citations omitted). "In other words, the ALJ must 'build an accurate and logical bridge between the evidence and the ALJ's conclusion.'" *Id.* (quoting *Todd v. Comm'r of Soc. Sec.*, No. 3:20-cv-1374, 2021 WL 2535580, at *6 (N.D. Ohio June 3, 2021)). This logical bridge is required, in part, to permit the court to "engage in 'effective and meaningful judicial review.'" *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (quoting 5 U.S.C. § 557(c)(3)(A) (internal quotations omitted)).

Here, on February 21, 2022, Dr. Holland examined Claimant and reviewed the 13 pages of medical records that he was provided. (Tr. Ex. 19F, p. 1109). After doing so, he opined that Claimant (1) could "sit six to eight hours per eight-hour day;" (2) could "stand four to six hours per eight-hour day;" (3) could "walk two to four hours per eight-hour day;" and (4) could "lift 10 to 15 lbs. frequently and up to 25 lbs. occasionally." *Id.*

The ALJ found Dr. Holland's opinion partially supported but noted that he only had 13 pages of medical records to aid him in providing his opinions despite their being over 1,000 pages of medical records contained within Claimant's disability record. (Tr. 26). The ALJ goes on to say that Dr. Holland's opinions are "partially consistent" with the record, noting that he did have x-ray records which reflected Claimant's "mild anterolisthesis at L4/L5, secondary to bilateral posterior degenerative fact arthropathy."

8

As noted above, an ALJ must articulate his or her findings as to the supportability and consistency of a medical source's opinions by referencing the evidence of record. *Jones v. Berryhill*, 392 F. Supp. 3d 831, 839 (M.D. Tenn. 2019) (citing *Pogany v. Berryhill*, No. 4:18-CV-04103-VLD, 2019 WL 2870135, at *27 n. 7 (D.S.D. July 3, 2019)) (internal quotations omitted). Although the ALJ made certain very limited observations regarding the opinions offered by Dr. Holland, he failed to explain in what way he found Dr. Holland's opinions to be unsupported by the record and further failed to identify which parts of Dr. Holland's "partially persuasive" opinions he found to be unpersuasive. As such, the Court cannot find that the ALJ's findings as to Dr. Holland are supported by substantial evidence.

The Court will turn now to the ALJ's treatment of the opinion of Claimant's treating provider Elizabeth Deleonouris, PA-C. As documented in the ALJ's opinion, PA Deleonouris opined that Claimant "reasonably has pain; may need to lie down during the day; would be unreliable to work a full-time, 40-hour per week job, and should avoid temperature extremes" due to her various medical conditions. (Tr. 26). As to those opinions, the ALJ concluded that they were "somewhat supported as this PAC has an established treatment history with the claimant and she cites to a range of symptoms/impairments that erode the claimant's ability to work."[2] *Id.* The ALJ then goes on to say that "the opinions are not fully consistent with the totality of the record." *Id.* In support of this assertion, the ALJ points to the treating provider's acknowledgement that her opinions are based in "significant part" on Claimant's subjective symptom reports. *Id.* However, the ALJ's only analysis as to the supportability and consistency of this provider's opinions with

---

[2] The Court notes that the Commissioner's brief details several weaknesses in PA Deleonouris' opinion and provides what may have been adequate reasoning for the ALJ finding her opinion to be only partially persuasive. However, such details and reasoning are not included in the ALJ's opinion, and the Court cannot rely on the Commissioner's post-hoc rationalizations when the ALJ fails to adequately explain his reasoning for discounting an opinion under the regulations. "[E]ven if evidence elsewhere in the record supports the non-disability finding, this alone 'does not excuse non-compliance with [the regulations] as harmless error.'" *Gavre v. Comm'r of Soc. Sec.*, No. 3:20-CV-551-DJH-CHL, 2022 WL 798035, *3 (W.D. Ky. Mar. 15, 2022) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 410 (6th Cir. 2009) and citing *Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, at *6 (E.D. Mich. 2021)).

the record evidence was to note how two pages of her treatment records for Claimant reflected that Claimant's range of motion, gait and strength were normal during the two visits referenced in a string cite, which includes these two pages along with five pages of treatment notes from other providers. *Id.*

PA Deleonouris' records, which are contained in Exhibits 8F, 9F, 16F, 30F and 34F total 174 pages. Notably, despite this significant quantity of records, the ALJ's entire analysis of PA Deleonouris' opinion is limited to a single paragraph. Moreover, other than the two pages of PA Deleonouris' treatment records for Claimant contained in the string cite addressing Claimant's range of motion, gait and strength, the ALJ refers only to three additional pages in his opinion, although he cites to one of these pages twice. The records from the visits cited to are "sick" visits for wheezing and coughing, a sinus infection and bronchitis. The ALJ cites to Exhibit 9F, p. 9[3] in support of his finding that Claimant's anxiety and depression are not significant enough to impact her ability to perform work. Just as he did in the string cite referenced above, the ALJ cites to Exhibit 8F, p. 24 and 9F, p. 33 in other portions of his opinion in addressing Claimant's range of motion, gait and strength. As to the two pages of records contained in 34F, p. 2, 6, the ALJ cites to these in support of his assertion that Claimant's "Grave's disease is closely monitored and assessed" and these records note Claimant's Grave's disease diagnosis. Finally, the ALJ references Exhibit 30F, p. 3, to document that Claimant has not quit smoking.[4]

In considering whether the ALJ sufficiently addressed the supportability and consistency factors as to this opinion, the Court notes that PA Deleonouris specifically opined in her provider statement that Claimant would be unreliable to attend work for an 8-hour workday, 40 hours per

---

[3] Where all other citations in this opinion are to the large black numbers in the right-hand corner of the transcript, when specifically referencing cites the ALJ makes to exhibits, the Court notes that those citations are to the page of the exhibit contained in the upper right-hand corner, so the page number in the opinion matches what is contained in the ALJ's decision.

[4] Claimant testified during the hearing before the ALJ that she had decreased her smoking from a pack and one-half per day to roughly three cigarettes a day or roughly a pack a week. (Tr. 57).

week.[5] (Tr. Ex. 25F, p. 1146). In doing so, she provided a list of Claimant's medical conditions that supported her opinions, documenting that Claimant has impairments due to "Graves Disease, chronic sinusitis, [history] of thyroidectomy, restless leg syndrome, sacroiliitis, spondylosis, asthma, fatigue with [immune deficiency] anemia, hypothyroidism, and hypoglycemia." *Id.* This list of conditions upon which PA Deleonouris relied makes it clear that she did not base her opinion of Claimant's ability to reliably attend work solely on Claimant's conditions which impacted her range of motion, gait and strength. Given this fact and the ALJ's citation to only five of the 174 pages of records generated by PA Deleonouris, the Court cannot find that the ALJ met his obligation to articulate why he found her opinion to be only partially persuasive.

Given that the Court has determined that the ALJ did not sufficiently articulate his findings as to the supportability and consistency of the opinions of Dr. Holland and PA Deleonouris, the Court must now determine whether this error has prejudiced Claimant or deprived her of a substantial right. *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 746 (6th Cir. 2007) (holding that an ALJ's decision, even if otherwise supported by substantial evidence cannot be upheld where the ALJ failed to follow applicable law); *see also Ackles v. Comm'r of Soc. Sec.*, 470 F. Supp. 3d 744, 752 (N.D. Ohio 2020) ("[T]he court will not uphold [a] decision when the Commissioner failed to apply proper legal standards, unless the legal error was harmless.").

In first assessing whether Claimant was prejudiced by the ALJ failing to properly analyze the opinion offered by Dr. Holland, the Court must agree with the Commissioner that Claimant has not demonstrated that the ALJ imposed any less significant restrictions upon Claimant than those assigned by Dr. Holland. The ALJ found that Claimant could perform light work with the

---

[5] While the ALJ states earlier in his opinion that "I determine the claimant is able to meet vocational expectation, including attendance, punctuality, and persistence for a full workday and workweek on a sustained basis, he references only Graves disease in the paragraph where he makes this statement. Additionally, the only portion of PA Deleonouris' records he cites in support are two pages where she simply notes that Claimant has Graves disease. (Tr. Ex. 34F, p. 2, 6). This is problematic because Claimant has been diagnosed via objective medical evidence with multiple additional medical conditions, i.e., asthma, immune deficiency anemia, and hypoglycemia, which are known to cause fatigue, which the ALJ does not address in this paragraph.

modifications set forth above, and it appears that this RFC formulation aligns with the restrictions imposed by Dr. Holland on Claimant's ability to perform work. As such, the Court must find that the ALJ's failure to properly analyze the opinion of Dr. Holland did not deprive Claimant of a substantial right because whatever portion of Dr. Holland's opinion the ALJ discounted did not impact the ALJ's RFC formulation to Claimant's detriment.

However, the same cannot be said as to the ALJ's decision to discount the opinions offered by PA Deleonouris. In discounting the opinions of this provider, the ALJ failed to address why her opinions were not properly supported or consistent with the record given the fatigue, asthma, immune deficiency anemia, and hypoglycemia which she listed as conditions causing Claimant's functioning to be impaired. While the ALJ specifically found that Claimant's Graves' disease would not prevent her from being able to attend work on a 8-hour per day, 40-hour workweek, he did not assess this condition in conjunction with immune deficiency asthma, anemia, and hypoglycemia, which are also known to cause fatigue nor did he assess whether any of these conditions would, standing alone, be expected to cause Claimant to be unable to reliably attend work. Moreover, Claimant's treating PA specifically opined that that Claimant suffered from fatigue which interfered with her ability to perform work.

This failure by the ALJ is particularly problematic because Claimant herself testified about how significantly fatigue impacted her ability to work. (Tr. 47-49). Claimant described how she would fall asleep sitting up, even when she had slept all night the night before and explained that she had no energy. (Tr. 47). She also advised that her fatigue resulting from anemia was even worse when she was menstruating, with the duration of her menstruation typically being about two weeks per month. (Tr. 46, 49). Claimant asserted that while she was menstruating her level of fatigue was roughly a nine or nine and a half out of ten. (Tr. 49). In his decision, the ALJ also observes that Claimant's reports of fatigue are corroborated by Claimant's daughter. (Tr. 24).

When considering a claimant's subjective statements about symptoms, the ALJ must consider medical and relevant nonmedical evidence. *Thompson v. Saul*, No. 5:20-CV-00002-MAS, 2021 WL 895624, *3 (E.D. Ky. Mar. 9, 2021). If there is a discrepancy between the claimant's subjective complaints and the objective medical evidence relating to the degree of impairment-related symptoms, the ALJ should not necessarily "disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms." Social Security Ruling 16-3p. Instead, the regulations require the ALJ to consider factors relevant to the claimant's symptoms such as the claimant's daily activities; the duration, frequency, and intensity of symptoms; precipitating and aggravating factors; the type and effectiveness of any medication; and any other treatment or measures to alleviate symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). At the same time, ALJs are not required to discuss every factor on the list. *Corinne C. v. Comm'r of Soc. Sec.*, No. 1:20-CV-1034, 2022 WL 1590818, *15 (S.D. Ohio May 19, 2022) (citing *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 287 (6th Cir. 2009)). While the ALJ provides significant analysis regarding Claimant's mechanical physical symptoms, such as how her body's ability to move is impacted by conditions such as her back pain, the ALJ spends little time analyzing how her fatigue impacts her ability to perform work activities. Further, in the only portion of his opinion where he addresses Claimant's anemia, he acknowledges that she was required to undergo a blood transfusion in June 2021 and continues to be monitored, but despite these findings and Claimant's reported symptoms, the ALJ found her anemia to be non-severe and in doing so offered minimal analysis and primarily conclusory statements. (Tr. 21). Finally, the Court has found no analysis in the ALJ's opinion of how Claimant's reported daily activities support or undermine her claim that she is disabled due to several physical conditions, although he performs this analysis in conjunction with her mental health conditions.

The Court must also consider the testimony that vocational expert ("VE"), Robert John Beadles, Jr. provided during Claimant's hearing. The VE testified that someone who would need

a ten-minute break per hour of work would be precluded from competitive work. (Tr. 63). Additionally, the VE stated that if a person's medical conditions would require them to miss two or more days of work per month on an ongoing basis, they would likewise be precluded from competitive work. *Id*. In other words, without the discounting of the testimony of Claimant regarding her severe fatigue and that of her treating physician's assistant, the VE's testimony would point to the conclusion that Claimant is disabled.

Especially in light of the testimony offered by Claimant and the VE, the ALJ was required to provide more than the minimal examination of the opinions offered by PA Deleonouris before partially rejecting them in order to avoid Claimant being "bewildered" by his findings. *Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp.3d 900, 908 (E.D. Mich. Aug. 13, 2021) (emphasizing the importance of the Commissioner complying with agency procedures to protect claimants from "bewilder[ment] when told by an administrative bureaucracy that [they are] not. . ." disabled when they have previously been told that they are disabled) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)). Where, like here, the Court is unable to determine from the ALJ's opinion what portions of Dr. Holland's and PA Deleonouris' opinions that the ALJ discounted and why, it is unreasonable to expect that a Claimant and her representative would be better equipped to do so. As such, the Court must find that the ALJ's error in considering the opinions offered by PA Deleonouris was not harmless.[6]

---

[6] The Court's findings herein should in no way be taken to indicate any opinion by the Court as to whether Claimant's various physical and mental health conditions disable her but instead reflect that the Court is unable to assess whether the ALJ correctly determined that Claimant is not disabled because in issuing his opinion, he did not sufficiently "show his work" as required by applicable law.

## IV. CONCLUSION

After a careful review of the entire record in this cause and for the reasons stated above, the Court finds that this case must be **REMANDED** for further consideration as outlined herein, pursuant to 42 U.S.C. § 405(g).

SO ORDERED:

/s/Cynthia Richardson Wyrick
United States Magistrate Judge